UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN ASSOCIATION OF<br>PEOPLE WITH DISABILITIES *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA *et al.*,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:  Civil Action No.:   01-1884 (RMU)<br>:<br>:<br>:<br>: |

FILED
DEC 20 2001
Clerk, U.S. District Court
District of Columbia

# INITIAL SCHEDULING AND PROCEDURES ORDER[1]
## (JUDGE URBINA)

In order to administer the above-captioned civil case in a manner fair to the litigants and consistent with the parties' interest in completing this litigation in the shortest possible time and at the least possible cost,

it is this 20 day of December, 2001,

**ORDERED** that counsel for the plaintiff(s) and the defendant(s) are directed to comply with each of the following directives: [2]

(1)   **COMMUNICATIONS WITH THE COURT:**
Counsel should endeavor to keep communications with chambers to a minimum. Counsel are advised that chambers staff **cannot** provide legal advice of any kind. *Ex parte* communications on matters other than scheduling matters are prohibited. If counsel need to contact chambers, it should be done jointly pursuant to a telephone conference.

---

[1] Revised on June 14, 2001.

[2] The court will hold counsel responsible for following the directives set forth in this order. Failure to conform to this order's directives may result, when appropriate, in the imposition of sanctions.

1

(2) **MOTIONS FOR EXTENSIONS OF TIME**:[3]

Motions for extensions of time are strongly discouraged. Parties should not expect the court to grant extensions. The parties are referred to *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et. al.*, 101 F.3d 145 (D.C. Cir. 1996). Motions for extension of time shall be filed at least **four** business days prior to the deadline the motion is seeking to extend. All motions for extensions **must** include the following (otherwise they will not be considered by the court):

- (a) how many, if any, previous extensions of time the court has granted to each party;
- (b) the specific grounds for the motion;
- (c) a statement of the effect that the court's granting of the motion will have on all other previously set deadlines;
- (d) in cases where the motion seeks to extend the deadline for a dispositive motion, a suggested deadline for the filing of the opposition and reply;[4] and, lastly,
- (e) pursuant to Local Rule LCvR 7.1(m) (formerly Local Rule 108(m)), the moving party shall include a statement of opposing counsel's position vis-a-vis the motion.

(3) **DISCOVERY DISPUTES**:

Counsel are referred to Local Rule LCvR 26.2 (formerly Local Rule 207) and expected to fully conform with its directives. Moreover, counsel are required, under both Federal Rule of Civil Procedure 26(f) and Local Rule LCvR 7.1(m) (formerly Local Rule 108(m)), to confer in good faith in an effort to resolve any discovery dispute before bringing it to the court's attention. **If, in what should be the unusual case, counsel are unable to resolve their dispute, counsel shall contact chambers in order to arrange for a telephone conference with the court. Counsel shall not file a discovery motion without prior consultation with opposing counsel.** Leave of court is required before the filing of a

---

[3]The court will not entertain stipulations concerning extensions of time. Parties must file a motion when seeking an extension.

[4]The deadline for the opposition should be suggested after consulting with opposing counsel.

discovery dispute-related motion. Counsel are advised that if the court is called upon to resolve such a motion, the losing **attorney** (not the principal) will be sanctioned pursuant to Fed.R.Civ.P. 37(a)(4).

(4) **DEPOSITION GUIDELINES:**
Counsel will adhere to the following guidelines when taking a deposition:
- (a) Counsel for the deponent shall refrain from gratuitous comments and from directing the deponent as to times, dates, documents, testimony, and the like;
- (b) Counsel shall refrain from cuing the deponent by objecting in any manner other than stating an objection for the record followed by a word or two describing the legal basis for the objection;
- (c) Counsel shall refrain from directing the deponent not to answer any question except for reasons which conform to Fed.R.Civ.P. 30 (d)(1);
- (d) Counsel shall refrain from engaging in dialogue on the record during the course of the deposition;
- (e) If counsel for any party or person given notice of the deposition believes that these conditions are not being adhered to, that counsel may call for suspension of the deposition and then immediately apply to the court for a ruling and remedy. When appropriate, the court will impose sanctions;
- (f) All counsel are to conduct themselves in a civil, polite, and professional manner. The court will not countenance incivility or other behavior during the deposition demonstrating that the examination is being conducted in bad faith or to simply annoy, embarrass, or oppress the deponent; and
- (g) In accordance with an amendment to Federal Rule of Civil Procedure 30(d)(2), effective December 1, 2000, no deposition may last more than seven hours (exclusive of breaks), except by leave of the court or stipulation of the parties.

(5) **SUMMARY JUDGMENT:**
The parties shall comply **fully** with Local Rule LCvR 7.1(h) (formerly Local Rule 108(h)), otherwise the submission will be stricken. Additionally, each submission must be accompanied by a table of cases and other authority cited

therein.   The parties are strongly encouraged to carefully review *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et. al.*, 101 F.3d 145 (D.C. Cir. 1996), on the subject of Rule 108(h).

(6)   **SETTLEMENT:**
Counsel are expected to evaluate their respective cases for the purpose of settlement.  The court encourages the use of alternative dispute resolution, e.g., mediation or neutral case evaluation.  The use of these methods is available at any time, as is a settlement conference before a magistrate judge or the presiding judge.  If counsel are interested in pursuing these options, they may contact chambers at any time.  If the case settles in whole or in part, plaintiff's counsel shall promptly advise the court.

(7)   **MOTIONS FOR RECONSIDERATION:**
"Motions for Reconsideration" of a prior court ruling are strongly discouraged. Such motions shall be filed only when the requirements of Fed. R. Civ. P. 59(e) and/or 60(b) are met.  If one is filed, it shall not exceed **ten** pages in length. Moreover, the court will not entertain: (a) motions which simply reassert arguments previously raised and rejected by the court; and (b) arguments which should have been previously raised, but are being raised for the first time in the "Motion for Reconsideration."  *See, e.g., National Trust v. Department of State*, 834 F. Supp. 453, 455 (D.D.C. 1995).

It is **FURTHER ORDERED** that:
- **Motions to Amend pleadings and/or to join additional parties** shall be due on or before ___Jan. 15, 2002___; with Oppositions due on or before ___Jan. 29, 2002___; and Replies, if any, due on or before ___Feb. 5, 2002___.
- Proponent's Rule 26(a)(2)(B) statement shall be due on or before _____.
- Opponent's Rule 26(a)(2)(B) statement shall be due on or before _____.
- **An Interim Status Hearing is hereby set for** _____ at _____.
- **All discovery will be completed on** or before ___Feb. 20, 2002___.

4

- **Dispositive motions** are due on or before __March 15, 2002__; with oppositions due on or before __April 12, 2002__; and Replies, if any, due on or before __April 26, 2002__.
- **A Final Status Conference/Motions Hearing/settlement Conference** is hereby set for __June 20, 2002__ at __10:30__

Dates for the pretrial conference, motions *in limine*, *voir dire* and trial will be set at the final status hearing, if necessary. The Above Scheduled Dates Are Firm.

**SO ORDERED.**

*/s/ Ricardo M. Urbina*
Ricardo M. Urbina
United States District Judge

5